THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| CLARA DIDERICKSEN,<br><br>                     Petitioner,<br><br>v.<br><br>DALLAS EARNSHAW et al,<br><br>                     Respondent. | **MEMORANDUM DECISION AND ORDER TO AMEND DEFICIENT PETITION**<br><br>Case No. 2:24-cv-00225-DBB<br><br>District Judge David Barlow |

Petitioner, Clara Ann Didericksen, filed a pro se habeas-corpus petition, under 28 U.S.C.S. § 2241 (2024) ("The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States . . . ."). Reviewing the Petition, (ECF No. 11), the Court concludes that it must be amended to cure the below deficiencies if Petitioner wishes to further pursue claims. Petitioner also moves for "appointment of counsel." (ECF No. 20.)

### DEFICIENCIES IN PETITION

Petition:

**(1)**   does not suggest how Petitioner's custody violates the United States Constitution or any other federal law.

**(2)**   has possibly tried to have been supplemented by many extraneous documents filed by Petitioner that appear to contain factual details outside those found in the petition, which factual details--if related to federal claims Petitioner means to state--must be included and tied to actual federal claims within an amended petition. (ECF Nos. 6–7, 12–19.)

## INSTRUCTIONS TO PETITIONER

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before filing an amended petition:

**(a)** Revised petition must stand entirely on its own and not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original).

**(b)** Petitioner must clearly state whom the custodian is and name that person (warden or ultimate supervisor of imprisonment facility) as the respondent. *Cf.* R.2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

**(c)** Federal rule requires the petition to:

>(1) specify all the grounds for relief available to the petitioner;
>(2) state the facts supporting each ground;
>(3) state the relief requested;
>(4) be printed, typewritten, or legibly handwritten; and
>(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Cf.* R.2(c), Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

**(d)** Petitioner may generally not bring civil-rights claims as to conditions of confinement in a habeas-corpus petition.

**(e)** Any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2024); any claims about the execution of Petitioner's imprisonment should be brought under *id.* § 2241.

**(f)** Petitioner should get help to prepare initial pleadings from legal resources available where Petitioner is held.

## MOTION FOR APPOINTED COUNSEL

The Court notes that Petitioner has no constitutional right to appointed *pro bono* counsel in a federal habeas-corpus case. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) ("As a civil litigant, plaintiff has no Sixth Amendment right to counsel."); *Pinson v. Berkebile*, 576 F. App'x 710, 714 (10th Cir. 2014) (unpublished) ("'[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction.'" (quoting *Swazo v. Wyo. Dep't of Corrs.*

3

*State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994))). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *Cf.* R. 8(c), Rs. Governing § 2254 Cases in U.S. Dist. Cts.

Further, the Court lacks authority to *appoint* counsel; still, federal statute authorizes the Court to ask counsel to agree to represent an indigent plaintiff free of charge.[1] *Cf.* 18 U.S.C.S. § 3006A(a)(2)(B) (2024) (stating court may request counsel when "interests of justice so require" for "financially eligible person" bringing § 2254 petition); 28 *id.* § 1915(e)(1) ("The Court may request an attorney to represent any person unable to afford counsel."); *McCleland v. Raemisch*, No. 20-1390, 2021 U.S. App. LEXIS 29490, at *15 n.3 (10th Cir. Sept. 30, 2021) (unpublished) (explaining, when prisoners "refer to appointing counsel," they "really refer to a request that an attorney take the case *pro bono*"). Petitioner has the burden of convincing the Court that the claims here have enough merit to warrant such a request of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). But "[i]t is not enough" for Petitioner to argue

---

[1]The Tenth Circuit has noted:
> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants [denied counsel]. But the dilemma [i]s not the district court's fault; that dilemma [i]s the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

*Rachel v. Troutt*, 820 F.3d 390, 397 n.7 (10th Cir. 2016); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (stating courts may not "require an unwilling attorney to represent an indigent litigant in a civil case"); *Greene v. U.S. Postal Serv.*, 795 F. App'x 581, 583 (10th Cir. 2019) (unpublished) ("In most legal communities, only a limited number of attorneys are willing to take these cases. Thus, the district court [must] decide how to maximize the benefit from these local resources."); *Gross v. GM LLC*, 441 F. App'x 562, 567 (10th Cir. 2011) (unpublished) (observing courts rarely request counsel to represent parties in civil actions); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (cautioning courts that indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time").

that help is needed "in presenting his strongest possible case, as the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up).

The Court has reviewed the filings here and determines that justice does not require the help of counsel at this time. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (weighing factors such as "merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims"); *see also Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001) (referring to analysis in *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991), for determining whether to appoint counsel in habeas case). First, Petitioner has not yet asserted any colorable claims. *See Williams*, 926 F.2d at 996. Second, Petitioner has shown capability to address facts pertaining to the issues she wishes to raise. *See id.* Finally, the issues here are relatively unambiguous and not so complicated as to require an attorney's help. *See id.* The Court thus denies for now Petitioner's motion for appointed counsel.

**ORDER**

**IT IS HEREBY ORDERED** that:

**(1)** Petitioner shall have **thirty days** to cure the above deficiencies. In response to this Order, the Court will accept one document entitled, "Amended Petition." The Amended Petition shall include all issues, arguments, and citations in one document, with no reference to any other document. The Amended Petition is the only document the Court will review to determine whether to order Respondent to answer. *Cf.* R.4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. (stating court--on its own--shall examine petition for petitioner's entitlement to relief and dismiss petition or order answer as warranted).

**(2)** The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for completion, according to directions.

**(3)** If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

**(4)** Petitioner must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the [petitioner] fails to prosecute or to comply with these rules or a court order, a [respondent] may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

**(5)** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than fourteen days before the deadline to be extended.

**(6)** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

**(7)** Petitioner's motion for appointed counsel is **DENIED**. (ECF No. 20.) However, if it later appears that counsel may be needed or of specific help, the Court may reverse this ruling

6

and ask an attorney to appear on Petitioner's behalf. The Court will continually reassess the factors as the case progresses. No further prompting is needed from Petitioner.

DATED this 6th day of November, 2024.

BY THE COURT:

JUDGE DAVID BARLOW
United States District Court