THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| CLARA DIDERICKSEN,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>DALLAS EARNSHAW et al.,<br><br>　　　　　　　　　Respondents. | **MEMORANDUM DECISION<br>AND ORDER DENYING<br>HABEAS-CORPUS PETITION**<br><br>Case No. 2:24-cv-00225-DBB<br><br>District Judge David Barlow |

　　　　Petitioner Clara Didericksen, confined at Utah State Hospital (USH), filed a federal habeas-corpus petition, under 28 U.S.C.S. § 2241 (2024), in which she challenges her civil commitment. (ECF No. 11.) Screening the Petition, the Court ruled it was deficient because it did "not suggest how Petitioner's custody violates the United States Constitution or any other federal law." (ECF No. 21.) The Court then gave Petitioner guidance on how to cure the Petition's deficiencies and ordered Petitioner to file an adequate amended petition. (*Id.*) Petitioner has since filed an amended petition, which the Court now screens and rejects. (ECF No. 24.)

**SCREENING ANALYSIS**

　　　　"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. 4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. Indeed, "it is well established that '[the] district court [may] dismiss summarily [a] petition on the merits when no claim for relief is stated.'" *Whitmore v. Parker*, 484 F. App'x 227, 232 (10th Cir. 2012) (alterations in original) (citations and quotation marks omitted).

The cause of action under which the petition was brought--Section 2241--reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless . . . [sh]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2024). "Petitions under § 2241 are used to attack the execution of a sentence." *McIntosh v. United States*, 115 F.3d 809, 811 (10th Cir. 1997). Section 2241 actions are "challenging an action affecting the fact or duration of the petitioner's custody," and thus qualify as habeas-corpus proceedings. *Id.* at 812.

Petitioner explains that she is civilly committed and that she would like to be released. But she does not include allegations attacking the constitutionality of her civil-commitment process and period of confinement, or the execution of her period of confinement. The only part of Petitioner's petition that is habeas based is her requested remedy of release from commitment. However, none of the Amended Petition's allegations could form the basis of legal claims under the Federal Constitution that would lead to Petitioner's release from commitment. *See* 28 U.S.C.S. § 2241(c)(3) (2024); *McIntosh*, 115 F.3d at 811.

Indeed, Petitioner's allegations in the Amended Petition are plainly insufficient--even after the Court carefully screened the original petition, set forth guidance on how to cure its deficiencies, and gave Petitioner a chance to amend the original petition. (ECF Nos. 11, 21, 24.) Petitioner's arguments fail to state claims upon which relief may be granted, in that they do not mention or rely on legal bases for her release from commitment--e.g., as grounds for release, she asserts, "I'm medicine compliant I no longer need to be hospitalized"; "I'm no threat to society or property"; and "I need help handling money to help with health insurance needs." (ECF No. 24.)

Petitioner clearly desires to be released and expresses the desire and hope to succeed on release. However, having carefully considered all relevant documents and law, the Court concludes that Petitioner's Amended Petition fails to state any claim as it includes no allegations or arguments whatsoever challenging the validity of Petitioner's confinement under the Federal Constitution. The petition is therefore denied.

## CONCLUSION

Petitioner's habeas challenges do not meet the federal habeas standard for relief: That Petitioner's civil commitment was ordered and executed in violation of the Federal Constitution.

**IT IS THEREFORE ORDERED** as follows:

**(1)** The petition for writ of habeas corpus is **DENIED**. (ECF No. 24.)

**(2)** This action is **DISMISSED WITHOUT PREJUDICE**.

**(3)** A certificate of appealability is **DENIED**.

DATED this 14th of January, 2025.

BY THE COURT:

_____
JUDGE DAVID BARLOW
United States District Court